IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JERRY W. SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV 321-002 |
| | ) |
| WARDEN VANCE LAUGHLIN; | ) |
| MEDICAL STAFF, Wheeler Correctional | ) |
| Facility; and CORE CIVIC, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, is proceeding *in forma pauperis* ("IFP") in this case originally filed in the Middle District of Georgia, pursuant to 42 U.S.C. § 1983. By order of Chief United States District Court Judge Marc T. Treadwell, the case transferred to the Southern District of Georgia on January 15, 2021. (Doc. no. 6.) Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      BACKGROUND**

In a complaint signed on October 29, 2020, Plaintiff names the following Defendants: (1) Vance Laughlin, WCF Warden; (2) WCF Medical Staff; and, (3) Core Civic. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Since the outbreak of the COVID-19 pandemic, WCF has at various times been on lockdown or quarantine status, but Plaintiff is worried the dorms are not properly cleaned and social distancing is not properly followed. (Id. at 5.) In August 2020, an inmate with red bumps on his body was placed in Plaintiff's dorm, and in mid-October, uncomfortable red bumps appeared on Plaintiff. (Id.) As of October 28, 2020, Plaintiff had no information about what caused the red bumps, and the unit manager told Plaintiff to resubmit medical forms. (Id. at 6.) Plaintiff seeks monetary damages because the medical department has not figured out what is causing the red bumps, and he seeks compensation for his resultant pain and suffering. (Id. at 7.)

Plaintiff reports filing a grievance at WCF and raising his issues during a dorm meeting with the unit and case managers on October 27, 2020. (Id. at 3-4.) At the time Plaintiff filed his complaint, his grievance was "still pending results," and he had not filed an appeal to the highest possible level because he was "waiting on pending grievance." (Id.)

## II.     DISCUSSION

### A.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.  Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because He Did Not Exhaust Administrative Remedies

#### 1.  The Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

3

any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (*per curiam*); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011) (*per curiam*); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (*per curiam*). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Rather, "[t]his provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159.

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156. "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524.

### 2.     Administrative Grievance Procedure at WCF

Because the events about which Plaintiff complains occurred in 2020, the administrative grievance procedure is governed by the version of the Georgia Department of Corrections ("DOC") Standard Operating Procedure that resulted in the promulgation of Policy Number ("PN") 227.02, which became effective May 10, 2019.[1] The grievance procedure has two steps: (1) Original Grievance, and (2) Central Office Appeal. PN 227.02 § IV(C). The administrative remedies procedure commences with filing an Original Grievance via the Kisok/Tablet or with a counselor. Id. § IV(C)(1)(c) & (d). The inmate has ten calendar days "from the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance. Id. § IV(C)(1)(b). The timeliness requirements of the administrative process may be waived upon a showing of good cause.

---

[1]DOC policies cited herein are publicly available on the DOC web site. See www.dcor.state.ga.us; *follow* link for Policies & Procedures and then Facilities Division; *click on* link for desired PN.

Id.  The grievance coordinator screens the grievance to determine whether to accept it for processing or recommend the Warden reject it.  Id. § IV(C)(1)(e)(i).  The grievance may be rejected, *inter alia*, if it raises one of the listed non-grievable issues, includes threats or insults, or raises more than one issue/incident.  Id. § IV(C)(1)(e)(ii).

The policy requires the Warden provide a response to the prisoner who filed the grievance within forty calendar days from submission of the original grievance; a onetime ten-calendar-day extension may be granted.  Id. § IV(C)(1)(f)(v).  If the grievance is rejected, or if the time allowed for a response to the grievance has expired without action, the offender may proceed to step two of the grievance process, a central office appeal.  Id. § IV(C)(1)(e)(v) & (c)(1)(f)(viii); § IV(C)(2).  The inmate has seven calendar days from the date he receives the Warden's response to the grievance to file a central office appeal, but this time limit may be waived for good cause.  Id. § IV(C)(2)(b).  The Commissioner or his designee then has 120 calendar days after receipt of the grievance appeal to deliver a decision to the prisoner who filed the appeal.  Id. § (C)(2)(e).  If the central office appeal results in a determination the original grievance should have been accepted by the facility and processed, the grievance will be returned to the facility for investigation, and the Warden has fifteen calendar days from receipt of the returned grievance to give a decision to the prisoner who filed the grievance.  Id. § (C)(2)(g).  The prisoner has seven calendar days from receipt of the Warden's second response to file a second central office appeal.  Id.

### 3. Plaintiff's Failure to Exhaust

In his complaint, Plaintiff states he filed a grievance concerning the issues raised in his complaint, but his grievance was "still pending results," and he had not filed an appeal to the highest possible level because he was "waiting on pending grievance."  (Doc. no. 1, pp. 3-4.)  The face of Plaintiff's pleading makes clear he did not complete the two-step grievance

6

process because he was waiting for the results of his original grievance at the time he signed his complaint, and he had not filed an appeal because the first step of the grievance process had not been completed. Indeed, subsequent filings by Plaintiff confirm the ongoing administrative process, including commencement of the seven-calendar day period to appeal on January 28, 2021. (Doc. no. 10, p. 4 ("Over a period of time from Nov. 20, 2020 I have put in other medical request and grievances concerning all this and they have yet to respond."); doc. no. 13, p. 4 (Plaintiff's acknowledgment of receipt of Warden's grievance response dated Jan. 28, 2021); see also doc. no. 13, pp. 16-17 (counselor receipts for grievances on Oct. 27, Nov. 10, and Dec. 18, 2020).)[2]

The PLRA requires proper exhaustion of available administrative remedies prior to filing a federal lawsuit, which includes a requirement for compliance with procedural rules governing prisoner grievances. Id. Additionally, because proper exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit. Higginbottom, 223 F.3d at 1261. It is plain from the face of Plaintiff's complaint, indeed he concedes, that he failed to complete the grievance process prior to commencing this case.

---

[2]Plaintiff's filings subsequent to the complaint also show he is receiving medical treatment, as he provides detailed information about all the various tests and treatments he has received. (See doc. nos. 5, 13.) One such filing entitled "Motion of Memorandum of Previous Facts," contains a twenty-one pages of detailed description concerning tests, treatments, and visits to the medical department concerning the apparently difficult to resolve red bumps. (Doc. no. 10.) To the extent Plaintiff may have intended the Court to take any specific action, the "motion" should be **DENIED AS MOOT** because the entire case is subjection to dismissal as described herein.

7

In sum, Plaintiff did not properly exhaust his available administrative remedies, and therefore, the complaint fails to state a claim upon which relief can be granted.³  See Solliday, 413 F. App'x at 208 ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The standard form on which Plaintiff submitted his claims, "Questionnaire for the Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," requires, *inter alia*, that prisoner plaintiffs disclose whether (1) they have filed any lawsuit, other than a direct criminal appeal or habeas action, while detained; and, (2) any federal suit in which they were permitted to proceed IFP was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  (Doc. no. 1, p. 3.)  The form cautions that failure to disclose all prior civil cases may result in dismissal of the instant case and specifically states if the plaintiff is unsure of any prior cases, that fact must be disclosed.  (Id. at 2.)

Here, Plaintiff stated he had filed prior lawsuits, but he did not identify the cases or otherwise list any of the required information about the cases.  (Id. at 2.)  Moreover, Plaintiff stated he had not had any prior federal lawsuit dismissed on the ground it was frivolous, malicious, or failed to state a claim.  That answer is false, as Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g):  (1) Spencer v. Williams, 5:2017cv483, doc. no. 9 (M.D.

---

³For the sake of completeness, the Court also notes the complaint would be subject to dismissal because the statement of claim reads as a general dissatisfaction with conditions at WCF that does not specifically mention Defendants by name or explain why any Defendant should be held liable.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) ("Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.")

Ga. Apr. 25, 2018); (2) Spencer v. Treadaway, 5:2017cv00484, doc. no. 5 (M.D. Ga. Jan. 8, 2018); and (3) Spencer v. Dozier, 1:2017cv00319, doc. no. 7 (N.D. Ga. May 24, 2017).[4]

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate

---

[4]When granting him permission to proceed IFP, the Court acknowledged Plaintiff's accumulation of three strikes, but given the early stage of the case, allowed the case to proceed. (See doc. no. 9.)

indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, as described in detail above, Plaintiff failed to truthfully disclose his prior filing history, including the accumulation of three strikes.  Therefore, even if the case were not subject to dismissal because of Plaintiff's failure to exhaust administrative remedies, the case should be dismissed without prejudice as a sanction for Plaintiff's dishonesty.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the "Motion of Memorandum of Previous Facts," (doc. no. 10), be **DENIED AS MOOT**, the case be **DISMISSED** without prejudice for failure to exhaust administrative remedies and as a sanction for Plaintiff providing dishonest information about his filing history, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 5th day of February, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA